IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILBERT GONZALEZ PEREZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3649 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging the denial of his release to mandatory supervision. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

*Background and Claims*

Petitioner states that he was convicted of driving while intoxicated in Harris County, Texas, and sentenced to ten years imprisonment. He claims that, on March 4, 2015, the Texas Board of Pardons and Paroles denied him discretionary mandatory supervised release in violation of his constitutionally protected liberty interests. Petitioner asks that the Court order his immediate release to mandatory supervision.

**Analysis**

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

The Texas Court of Criminal Appeals has held that a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure is an appropriate vehicle to challenge an adverse decision regarding mandatory supervision. *See Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000); *see also Ex parte McGee*, 962 S.W.2d 49 (Tex. Crim. App. 1998) (per curiam) (granting habeas corpus relief for an inmate who was entitled to be released to mandatory supervision). Petitioner does not state in his petition that he pursued state habeas relief regarding the claims raised in this petition, and a review of public records for the Texas Court of Criminal Appeals fails to show that petitioner has exhausted his state court remedies with that court. Because state process remains available, petitioner has not exhausted his state court remedies, and this federal habeas petition must be dismissed without prejudice for failure to exhaust.

*Conclusion*

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on December 31, 2015.

_____
Gray H. Miller
United States District Judge